MARY JANE L. OWEN, Appellant, *v.* ROCHESTER-PENFIELD BUS COMPANY, INC., Respondent.

Argued October 7, 1952; decided October 24, 1952.

*Asbury H. Harpending* for appellant. I. There is ample proof of negligence in the record to support the jury's finding that defendant violated its duty to plaintiff as a passenger as such duty was properly defined by the trial court. (*Imbrey* v. *Prudential Ins. Co.*, 286 N. Y. 434; *Kulch* v. *Kulch*, 271 App. Div. 840; *Walldorf* v. *Central Greyhound Lines*, 256 App. Div. 854, 280 N. Y. 725.) II. The negligence of defendant having been established under the law of the case and to the satisfaction of the jury, defendant is liable to plaintiff for the injuries she sustained and the verdict is supported by the evidence. (*Davis* v. *New York Central R. R. Co.*, 163 Misc. 710; *Campbell* v. *Pullman Co.*, 182 App. Div. 931; *Killeen* v. *U. S. Lines Operations*, 234 App. Div. 789; *Poplar* v. *Bourjois, Inc.*, 298 N. Y. 62; *McCahill* v. *New York Transp. Co.*, 201 N. Y. 221; *Lang* v. *Stadium Purchasing Corp.*, 216 App. Div. 558.)

*Austin W. Erwin* and *Austin W. Erwin, Jr.*, for respondent. I. There is no proof in the record of any negligence upon the part of defendant. (*Churchill* v. *United Fruit Co.*, 294 F. 400;

*Laitenburger* v. *State of New York,* 190 Misc. 633; *Lane* v. *City of Buffalo,* 232 App. Div. 334; *Trapp* v. *McClellan,* 68 App. Div. 362; *Kingsland* v. *Erie Co. Agric. Soc.,* 298 N. Y. 409; *Nuss* v. *State of New York,* 195 Misc. 38; *Radin* v. *State of New York,* 192 Misc. 247; *Payne* v. *City of New York,* 277 N. Y. 393; *Palsgraf* v. *Long Island R. R. Co.,* 248 N. Y. 339.) II. Recovery is allowed in cases of this type only where a dangerous condition due to the weather is coupled with actual negligence on the part of the carrier. (*Atlantic Coast Line* v. *Powell,* 127 Ga. 805; *Humphrey* v. *Stokes Bus Line,* 199 S. C. 132; *Ziccolillo* v. *Oregon Short Line R. Co.,* 53 Utah 39; *Southern Pacific Co.* v. *Bunting,* 54 Ariz. 180.)

FROESSEL, J. A jury has awarded plaintiff the sum of $5,000 by way of damages to compensate her for having suffered a severe frostbite of both feet. She claims these injuries were sustained as the result of defendant's negligence in failing properly to heat its bus while she was a passenger. The Appellate Division unanimously reversed the judgment on the law and facts and dismissed the complaint. In this state of the record, plaintiff is entitled to the benefit of every favorable inference which can reasonably be drawn from facts proven (*De Wald* v. *Seidenberg,* 297 N. Y. 335, 336, 337; *Betzag* v. *Gulf Oil Corp.,* 298 N. Y. 358). Thus viewed, the jury had the right to find the following facts:

Plaintiff, then eighteen years of age, was a student at the Rochester Institute of Technology. She returned to her parents' home in the town of Tyrone, New York, where she remained over the 1946 Thanksgiving holidays. On Sunday evening, December 1st, she, together with her sister and brother-in-law, were driven to Bath, New York, in a heated car to catch a bus for Rochester leaving at 6:10 P.M. The bus was " very cold ", " extremely cold ", " awfully cold ", not only for plaintiff but for her sister and brother-in-law as well, and for other passengers, who complained to the bus driver; he replied that the heater was out of order. In the course of the trip, he stopped to investigate an accident, during which time he left the bus door open for fifteen minutes. Plaintiff's feet became numb during the trip and, after four hours of such exposure, she discovered on returning to her dormitory in Rochester that

she had frozen feet. The jury also had the right to find, from evidence given by one Williams in charge of the United States Weather Bureau, that the temperature in Rochester during this period had descended to as low as 17°, and that it must have been freezing temperature or below in the bus in the light of a physician's testimony that no one could get frozen feet above 32°.

The evidence also disclosed that plaintiff was born with a heart condition that affected her circulatory system in such a manner as to make her more susceptible to frostbite than the average person, though both plaintiff and her mother stated that they did not know of this susceptibility. Plaintiff had never had frostbite before. Her mother stated that they had ignored the heart condition; on medical advice she reared plaintiff with the other children; and plaintiff knew nothing whatever about it.

The Appellate Division took the view that as a matter of law defendant was not liable, inasmuch as plaintiff's poor circulation, attributable to the heart condition, rendered her more susceptible to frostbite than a person in normal health, and therefore her injuries did not come within the realm of reasonable foreseeability.

We do not agree with this view here. The trial court told the jury that it was the duty of defendant to furnish reasonable heat in its bus, and in that regard charged subdivision 1 of section 60-a of the Public Service Law, which reads in part as follows: '' Every omnibus corporation shall furnish and provide with respect thereto, such services and facilities as shall be safe and adequate and in all respects just and reasonable.'' Under subdivision 4 of section 344-a of the Civil Practice Act we may take judicial notice of the then effective Public Service Commission rule adopted pursuant to subdivision 14 of section 61 of the Public Service Law: '' 23. Heating: Each omnibus shall be heated when reasonably required for the comfort and safety of passengers.''

After pointing up the dispute between the parties and reviewing the evidence, the court further charged that the '' test here is * * * whether or not this bus company failed to furnish reasonable heat to the plaintiff or whether or not it did.'' Thus she was not deemed an abnormal person, and the court

made no reference thereto in its charge. No requests were made or exceptions taken to this or any other part of the court's charge by either counsel, each one stating: "No requests or exceptions." Under these circumstances, the charge became the law of the case (*Imbrey* v. *Prudential Ins. Co.*, 286 N. Y. 434, 440).

Thus, without objection by either side, the only question presented to the jury, besides the issue of contributory negligence and damage, was whether defendant was negligent in failing to furnish reasonable heat, and if so whether that caused plaintiff's injuries. It is common knowledge that many people are subject to low blood pressure and poor circulation, and certainly this is foreseeable by a common carrier. We have held that "a defendant is chargeable for all the harm and suffering which his negligent act brought on even though the plaintiff's injuries were aggravated by his own predisposition or weakness [citing cases]." (*Poplar* v. *Bourjois, Inc.*, 298 N. Y. 62, 67–68.) The jury here had the right to find upon the above-recited facts that defendant failed to furnish reasonable heat to plaintiff, in consequence of which she suffered frostbite.

In the circumstances disclosed, we cannot say as a matter of law, as did the Appellate Division, that plaintiff's injuries did not come within the realm of reasonable foreseeability.

The judgments should be reversed and a new trial granted, with costs to abide the event.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, DYE and FULD, JJ., concur.

Judgments reversed, etc.