JAMES B. SCHIED, Appellant-Respondent, v. DAVEY TREE EXPERT CO., INC., Respondent-Appellant.— Appeal by the plaintiff from an order setting aside a jury verdict in its favor and by the defendant from the denial of its motion for a directed verdict dismissing the complaint. Early in the morning of New Year's Day 1952, a truck owned by the defendant, while being driven by Robert Morse, then an employee of the defendant, struck and damaged a house owned by the plaintiff. The negligence of Morse and the amount of damage to the house were stipulated; the only question at the trial was whether Morse had permission, express or implied, to drive the defendant's truck at the time of the accident. The defendant Davey Tree Expert Co., Inc., is in the business of trimming trees near utility lines along public highways. The Syracuse office of the defendant operates in an area extending from central New York State north to the Canadian border and the crews based in and around Syracuse often stayed in the field for a week or more at a time. Morse was a foreman of one of the defendant's crews and, as such, he had in his charge the company owned truck involved in the accident. His duties included transporting his crew to and from the place of work, supervising operations of tree trimming and taking care of the truck. With the defendant's knowledge and consent, the truck was kept at Morse's home in Perrysville, a small hamlet south of Chittenango, just east of Syracuse. It was Morse's responsibility to see that the truck was serviced and he was at liberty to use any garage and filling station that he wished for that purpose. The company reimbursed Morse for what was spent on the truck. Morse did not work Monday, December 31, but drove the truck to Syracuse to pick up and deliver pay checks for his crew. He then drove home to Perrysville. That evening, New Year's Eve, he drove the truck to Chittenango, left it at a gas station at which he had a charge account, to be filled with gas, and went out with some friends. Around 4 o'clock in the morning of January 1, he picked up the truck at the gas station and took his girl friend from Chittenango to her home, a couple of miles out of town, north on the road to Lakeport. Coming back to Chittenango in the truck on the way to his home in Perrysville, he was involved in the accident which is the subject of this action. The witnesses produced upon the trial by the defendant, all its employees, testified that it was a company rule that crew foremen were not to use the trucks entrusted to them for their personal use and further that Morse himself had been so instructed. These witnesses also testified that it was the company policy first to reprimand and then to demote and perhaps fire any employee caught violating the rule. Morse took the stand as a witness for the plaintiff. Regarding his knowledge of the company rule, he was asked only the compound question "Were you ever told by any superior in the Davey Tree Expert Co.

Inc. that you should never use this car other than on company business and if you did, you would be fired?" To this he answered "No". At the end of its case and at the end of the entire case, the defendant moved to dismiss the complaint and for a directed verdict, which motions were denied. The jury returned a verdict for the plaintiff. The trial court, on motion of the defendant, set the verdict aside on the ground that it was against the weight of the evidence and ordered a new trial. Plaintiff appeals from the order setting aside the verdict and the defendant appeals from the court's denial of its motion for a directed verdict dismissing the complaint. The defendant's appeal must be dismissed. The trial court had denied the defendant's motion for dismissal of the complaint and for a directed verdict at the end of the case. After the jury returned its verdict, defendant did not move for a dismissal notwithstanding the verdict but moved only for a new trial on the ground that the verdict was against the weight of the evidence. Section 457-a of the Civil Practice Act provides that, where a trial court has expressly reserved its decision on a motion to dismiss or for a directed verdict, the court, after a verdict has been received, may on its own motion reconsider its decision and direct the entry of judgment. But where the court has denied the motion to dismiss or for a directed verdict, the court may reconsider its decision only on a timely motion by the defendant after verdict (Fifteenth Annual Report of N. Y. Judicial Council, 1949, p. 260). On the plaintiff's appeal, the plaintiff argues that the jury's verdict, finding that Morse had implied permission to use the truck for his personal use, was supported by the evidence and also that the evidence supported a finding that Morse was actually in the course of his employment at the time of the accident. The second ground may not be invoked here to sustain the verdict. The trial court charged the jury that the only question for it was implied permission and that charge not excepted to became the law of the case (*Owen* v. *Rochester-Penfield Bus Co.* 304 N. Y. 457). However, upon the new trial, the plaintiff will be free to advance his new contention. In view of the presumption of permission under section 59 of the Vehicle and Traffic Law and in view of the fact that the only testimony offered against the presumption was that of interested witnesses, there may have been a question of fact for the jury (*St. Andrassy* v. *Mooney,* 262 N. Y. 368; *Chaika* v. *Vandenberg,* 252 N. Y. 101; *Crawford* v. *Nilan,* 264 App. Div. 46, revd. on other grounds 289 N. Y. 444; *Piwowarski* v. *Cornwell,* 273 N. Y. 226). But we see no reason to disturb the trial court's holding that the verdict of the jury was against the weight of evidence. The Trial Justice saw and heard the witnesses and it was his primary responsibility to supervise the reasonableness of the verdict (*Mann* v. *Hunt,* 283 App. Div. 140). On the plaintiff's appeal, the order appealed from is affirmed, without costs. The defendant's appeal is dismissed, without costs. Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ., concur.