Arthur G. Klein, J.
This motion presents for determination the right of a wife’s attorneys in a separation action, after a reconciliation between the parties, to a money judgment against the husband for counsel fees awarded to them by the terms of the separation judgment.
Art award of counsel fees in the sum of $750 had been made on August 11,1964 by Tilzer, J.
In December, 1964, after a five-day trial, the court (Shalleck, J.) granted plaintiff a judgment of separation on the *345 grounds of cruel and inhuman treatment, and failure to support. An additional award of counsel fees in the sum of $750 was made by the Trial Justice.
At the time of service of the proposed judgment with notice of settlement neither the original nor the supplemental counsel fee had been paid.
The proposed judgment, served December 23,1964, with notice of settlement for January 4, 1965, provided that the first $750 “ shall be paid and sent directly ” to plaintiff’s attorneys on or before December 31,1964.
It also provided that the supplementary $750 be paid and sent “ directly” to plaintiff’s attorneys at the rate of $25 a week, with an acceleration clause providing that the entire balance shall be payable in the event of a default which is not cured within five days.
In the event of default by the defendant in the payment of any sums so required to be paid, the judgment provided that “ the court shall make an order for the entry of judgment for the amount of such arrears, or such part thereof as justice requires, having regard to the circumstances of the parties, which shall be in addition to any and every other remedy to which plaintiff or her attorneys may be entitled ”. (Emphasis supplied.)
By order to show cause dated February 19, 1965 the plaintiff’s attorneys sought an order directing the entry of a money judgment in the amount of $1,300 for arrears in counsel fees, on a showing by affidavit, which is not contradicted, that the defendant had failed to make payments as required by the judgment, except that he had paid $200 on December 28,1964.
Although the motion was marked submitted on default on the call of the calendar on March 4, 1965, this court on March 8, 1965 denied the motion on the ground that the application was improper since it required entry of judgment in favor of one who is not a party to the action.
The attorneys for the plaintiff have written to the court and requested reconsideration of the motion; and the court will treat the communication from plaintiff’s attorneys, dated March 22, 1965, as an application for reargument.
The letter points out that the parties have become reconciled since the trial of the action “asa result of which we have been unable to have plaintiff make the affidavit as a party to the action in connection with our motion for money judgment for the balance of $1,300 counsel fees ”.
On reargument the original decision is recalled and the motion is granted. While attorneys are not parties to an action, the language of subdivision (a) of section 237 and section 244 of *346 the Domestic Relations Law appears to be broad enough to warrant the entry of judgment in favor of the wife’s attorneys in these circumstances.
Subdivision (a) of section 237 provides that “ In any action * * * (2) for a separation, * * * the court may direct the husband * * * to pay such sum or sums of money to enable the wife to carry on or defend the action * * * as, in the court’s discretion, justice requires, having regard to the circumstances of the case and of the respective parties. Such direction must be made in the final judgment in such action ’ ’.
The final judgment of separation in this case provided for direct payment by the husband to the wife’s attorneys.
Section 244 provides that in the event of default *1 the court in its discretion may make an order directing the entry of judgment for the amount of such arrears * * * having a regard to the circumstances of the respective parties * * *. The application for such order shall be upon such notice to the husband or other person as the court may direct. Such judgment may be enforced by execution or in any other manner provided by law for the collection of money judgments.”
The plaintiff’s attorneys are proceeding by order to show cause as provided by section 244, upon notice to the husband as directed by order of this court entered February 19, 1965 (Capozzoh, J.).
The arrears sought to be converted into a money judgment are clearly established by the moving affidavit and the facts are uncontradicted.
Objection, if any, to direct payment should have been made at the time of entry of the decision, or judgment, or by way of appeal from it. No objection having been made, the direct manner of payment now stands as the law of the case (Owen v. Rochester-Penfield Bus Co., 304 N. Y. 457, 461 [1952]; La Barbera v. Ciotta, 277 App. Div. 798 [2d Dept., 1950], affd. 302 N. Y. 571 [1951]; 9 Carmody-Wait, New York Practice, p. 151).
No circumstances of the husband have been demonstrated to rebut the prima facie debt owed by him under this judgment.
In these circumstances, the discretion vested in the court will not be exercised in favor of a reconciled couple who turn their backs on attorneys who have in good faith rendered services for which the husband has already properly been found liable. The motion is accordingly granted.