■ J. H. WALTUCK, Individually and as Administrator of the Estate of MARY WALTUCK, Deceased, Appellant, v. DAVID POUSHTER et al., Respondents. (Appeal No. 1.) — Judgment insofar as it dismisses complaint as to defendant Dr. Belkowitz unanimously reversed on the law and facts and a new trial granted, with costs to abide the event, and otherwise judgment affirmed, without costs. Memorandum: Appellant sued two doctors, respondent Poushter, an ear specialist, and respondent Belkowitz, a general practitioner for alleged malpractice in the treatment of his wife for an ear disorder. It is claimed that the ear became infected and the infection spread to the brain causing her death from meningitis. The jury found no cause for action in favor of respondent Poushter on both causes of action and in favor of respondent Belkowitz on the cause of action for conscious pain and suffering. It found a verdict in favor of appellant against respondent Belkowitz on the cause of action for wrongful death. The Trial Justice set aside the verdict and dismissed the complaint. We review the evidence in the case in the aspect most favorable to the appellant, (*Owen* v. *Rochester-Penfield Bus Co.*, 304 N. Y. 457), and having in mind that plaintiff's burden of proof in this death case is governed by the rule in *Noseworthy* v. *City of New York* (298 N. Y. 76). In the case against respondent Poushter, the jury resolved the factual question as to his alleged malpractice in his favor; no error of law appears and there is no ground for disturbing that verdict. In the case against the respondent Belkowitz, there was evidence that he was called to the decedent's home on February 11 to treat her after she had been under Dr. Poushter's care for several days; that he was advised of the patient's complaints of malaise and head pain, elevated temperature, and hyperemia of the left ear which had increased in severity from that evidenced during her treatment by her specialist the day before; that he was called later that day and told that her condition had further worsened, yet he made no further effort at treatment or to contact the specialist to evaluate her symptoms. The jury could find that respondent's professional knowledge should have alerted him to possible serious consequences and that his failure to treat the complaints or. to perceive the seriousness of the situation which led to decedent's hospitalization and subsequent death from meningitis on February 13 constituted malpractice. The appellant submitted sufficient evidence for a prima facie case. Under those circumstances, it was error for the Trial Justice to dismiss the complaint. (*McDonald* v. *Metropolitan St. Ry. Co.*, 167 N. Y. 66; *McGovern* v. *Attie*, 30 A D 2d 559; *Wearever Upholstery & Furniture Co.* v. *Home Ins. Co.*, 286 App. Div. 93.) The judgment should be reversed as to respondent Belkowitz and a new trial granted. (Appeal from judgment of Onondaga Trial Term, dismissing complaint in action for damages for medical negligence.) Present — Witmer, J. P., Cardamone, Simons and Henry, JJ.

■ J. H. WALTUCK, Individually and as Administrator of the Estate of MARY WALTUCK, Deceased, Appellant, v. SAMUEL BELKOWITZ, Respondent. (Appeal No. 2.) — Order insofar as it dismisses complaint as to defendant Dr. Belkowitz unanimously reversed and a new trial granted, and otherwise order affirmed, without costs. Same memorandum as in *Waltuck* v. *Poushter* 42 A D 2d 673) decided herewith. (Appeal from one order of Onondaga Trial Term, setting aside verdict and dismissing complaint.) Present — Witmer, J. P., Cardamone, Simons and Henry, JJ.