AMES CRANE & RENTAL SERVICE, INC., Petitioner,

v.

John T. DUNLOP, Secretary of Labor, United States Department of Labor and the Occupational Safety and Health Review Commission, Respondents.

No. 75–1591.

United States Court of Appeals, Eighth Circuit.

Submitted March 8, 1976.

Decided April 1, 1976.

**124**

Thomas D. McMillen, Jr., Des Moines, Iowa, for petitioner.

Sidney M. Nowell, Atty., U. S. Dept. of Labor, Washington, D. C., for respondents; William J. Kilberg, Sol. of Labor, Michael H. Levin, Counsel for Appellate Litigation, Allen H. Feldman, Asst. Counsel for Appellate Litigation, Sidney N. Nowell, Atty., U. S. Dept. of Labor, and Benjamin W. Mintz, Associate Sol., for Occupational Safety and Health Review Commission, Washington, D. C., on brief.

Before LAY, ROSS and STEPHENSON, Circuit Judges.

PER CURIAM.

Ames Crane & Rental Service, Inc. filed this petition to review a decision of the Occupational Safety and Health Review Commission affirming, by an equally divided vote,[1] an administrative law judge's finding that Ames was guilty of a serious violation of the Occupational Safety and Health Act of 1970, 29 U.S.C. § 651 et seq. Ames was found to have violated an OSHA regulation which prohibits operation of cranes within ten feet of live power lines carrying less than 50,000 volts. 29 CFR 1926.550(a)(15)(i). A fine of $600 was imposed. In its petition for review, Ames challenges the sufficiency of the evidence and argues that an employer may not be held liable for a serious violation which results from an employee's disregard of adequate safety instructions. We uphold the decision of the Commission.

■ Ames is an Iowa corporation which rents heavy equipment. On February 12, 1973, Ames leased a 30-ton truck crane, as well as the services of Ken Stromley, the crane operator, to a construction firm for use at the Iowa State University power plant construction site at Ames, Iowa. The crane was moved into position to lift equipment from ground level to the power plant's 70-foot high roof. This raising and lowering operation was undertaken between the plant's north door and live power lines, where the clearance was only eight feet. Two loads were raised without incident, but the third load, a large metal doorframe, either touched or came sufficiently close to the 13,800 volt line to become energized. One ironworker was electrocuted and several other workers were exposed to the same danger.

We find sufficient evidence to support the findings of the administrative law judge and OSHRC that the crane was operated in violation of the regulation.

■ One of the OSHRC Commissioners dissented on the ground that Ames lacked

1. Only two Commissioners were in office at the time. They directed that the decision would have no precedential weight.

"actual or constructive knowledge of the alleged violation," citing *Brennan v. OSHRC and Raymond Hendrix, d/b/a Alsea Lumber Co.,* 511 F.2d 1139 (9th Cir. 1975). There, the Ninth Circuit stated:

> We fail to see wherein charging an employer with a . . . violation because of an individual, single act of an employee, of which the employer had no knowledge *and which was contrary to the employer's instructions,* contributes to the achievement of the cooperation sought by the Congress.

511 F.2d at 1145 (emphasis added).

In the instant case we need not decide whether Ames could be charged with a serious violation if its operator had disregarded clear and adequate safety instructions, because no such instructions were given here. Ames never instructed its crane operators to maintain any specified distance from live power lines. It merely "made available" several hundred pages of written material which the operators were free to read if they chose to do so. Such conduct does not fulfill the duty of an employer to take adequate precautionary steps to instruct and train employees to protect against reasonably foreseeable dangers. *See Brennan v. Butter Lime & Cement Co.,* 520 F.2d 1011, 1017–18 (7th Cir. 1975).

The petition for review is denied.