Mary Alyse ACUFF, Executrix for the Estate of Bryde F. Acuff, Appellant,

v.

COMMISSIONER OF the TENNESSEE DEPARTMENT OF LABOR, Appellee.

Supreme Court of Tennessee.

Aug. 22, 1977.

628

Sam F. Cole, Jr., Memphis, for appellant.

Jack E. Seaman, Asst. Atty. Gen., Nashville, of counsel; Brooks McLemore, Jr., Atty. Gen., Nashville, for appellee.

BROCK, Justice.

This appeal, pursuant to T.C.A., § 4–524, Tennessee Uniform Administrative Procedures Act, seeks to review the assessment of a penalty of $600.00 against appellant by the Tennessee Occupational Safety and Health Review Commission for an alleged violation of a safety regulation adopted by the Commissioner of Labor and by the Commissioner of Public Health. We concur in the findings and conclusions of the Chancellor, Hon. Robert S. Brandt, and adopt them as our own:

"This is an action for judicial review filed pursuant to the Tennessee Uniform Administration Procedures Act, T.C.A. § 4–523. The petitioner seeks review of a decision of the Tennessee Occupational Safety and Health Review Commission, which affirmed the issuance of a citation

by the Tennessee Department of Labor for a serious violation of 29 C.F.R. 1926.-550(a)(15)(i) and the imposition of a penalty of $600.00. Petitioner asserts several grounds upon which the agency's decision might be overturned.

"The citation arose from a tragic accident at the Schlitz Brewery in Memphis on January 22, 1975. Petitioner, doing business as the Acuff Crane Service, owned a crane which was being operated by his son, Tommy, to unload large steel storage tanks from a truck. In the process of unloading a tank, the crane came into such proximity to a 23,000-volt electrical power line that an electric current ran through the crane, electrocuting one workman and severely shocking two others. Evidence clearly establishes that the crane was operated much nearer the power line than the ten-foot minimum distance prescribed by the Regulation. Consequently, after inspection the Department of Labor issued the citation and imposed the fine on February 6, 1975. These actions were affirmed by the Occupational Safety and Health Review Commission on October 8, 1975, on grounds that the improper operation of the crane was the responsibility of the petitioner, Bryde F. Acuff. Petitioner has since died, but the representative of his estate seeks reversal of the Commission's order.

"Petitioner's only substantive contention is that he is not responsible as employer for the crane operator's misconduct because of the 'loaned servant' doctrine. He asserts that the operator was under the temporary control of Corzine Mechanical Contractors and that his improper actions at the work site were taken under the immediate direction of the contractor, thus removing any liability of petitioner under *respondeat superior* doctrine. The loaned servant doctrine is recognized in Tennessee, but proper instances of its application are often difficult to determine. The decisions in *Richardson v. Russom Crane Rental Co.*, 543 S.W.2d 590, (Tenn. App.West.Sect., Jan. 28, 1975), lends support to the argument of petitioner, for the Court there utilized the loaned serv-

ant doctrine to absolve a crane owner from liability for the negligence of the crane operator who was being guided in his actions by the work site manager. Yet while the loaned servant doctrine is relevant, its application often turns upon tedious factual distinctions, and the *Richardson* case displayed very close supervision in the context of a tort suit.

"Consequently, the Court believes the better model for this case is the decision in *Frohlick Crane Service, Inc. v. Occupational Safety and Health Review Comm.*, 521 F.2d 628 (10th Cir. 1975), which is practically indistinguishable from the instant case. There the Court upheld a citation and fine against a crane owner whose employee caused the crane to come so near a power line that a worker was electrocuted. The Court rejected the borrowed employee doctrine as inconsistent with the purpose of the pertinent regulation. In fact, liability is more easily established here than in the *Frohlick* case, for the latter involved a written lease agreement that provided that the crane operator should be under the lessee's exclusive supervision and control. The court nevertheless held that where the lessee relies on the expertise of the crane operator and gives no particular direction as to its operation, then the duty to comply with minimum safety standards falls upon the owner-employer. It reasoned that the Occupational Safety and Health Act was intended to ensure safe conditions by placing responsibility where economic realities dictate rather than upon the nuances of the common law, particularly where its concepts are fuzzy and were designed with tort liability in mind. The reasoning and decision of the *Frohlick* case, as well as the very similar case of *Ames Crane & Rental Service, Inc. v. Dunlop*, 532 F.2d 123 (8th Cir. 1976), are persuasive. Petitioner is correct in asserting that these authorities were based on federal regulations, not Tennessee law. This overlooks, however, that the Tennessee regulation was taken directly, word-for-word from the federal regula-

tion and incorporated into the Tennessee standards without even the necessity of a hearing, in accordance with T.C.A § 50–515. Thus decisions under the federal regulation are of the very highest persuasive authority in interpreting the Tennessee regulation and should be adhered to closely.

"Additionally, the petitioner's argument would go far toward defeating the purpose of the regulation. Responsibility for safe work procedures should be placed on those able to enforce them. Though the crane was being operated at a work site under the general supervision of the contractor, the details of operating the crane were left up to petitioner's employee. To place liability on the contractor in this factual setting might well be useless, for the contractor could be unfamiliar with the operation of cranes, potential dangers from their use near power lines, or the regulations covering their operation. The policy of the Act and Regulation is furthered by placing responsibility on the owner of the crane service company, who is in the best position to instruct his employees in safety measures and to see that the cranes are operated in accordance with applicable regulations. Thus the court feels that the actions of the Commission directed toward petitioner were in accordance with the Tennessee laws and regulations.

"The further arguments of petitioner scarcely merit the court's attention. That the crane was being used to unload steel tanks instead of air conditioning units as petitioner perhaps anticipated seems irrelevant, since the danger was inherent in operating the crane near high-voltage power lines, whatever the cargo involved might be. The assertion that the domestic worker's exception of T.C.A. § 50–504(e) applies because the operator of the crane was the son of the owner of the crane service is puzzling. This exception obviously pertains to household workers unrelated to the employer, not to relatives of the employer whenever they assist in his business. Kinship ties do not eliminate the need to comply with safety regulations in business and industry.

"The court fails to see the relevance of the petitioner's assertion that selective suspension of agency rule-making by legislative committees under T.C.A. § 4–535 is possibly violative of the Tennessee Constitution. The procedure outlined in that statute was not invoked here. If the regulation at issue here is invalid because it was subject to suspension by a legislative committee, all rules and regulations promulgated by state administrative agencies would be likewise invalid because § 4–535 seems to lack any special pertinence to this case. This would be an absurd result, since the questionable procedure has not been utilized here, and the court rejects petitioner's contention. That this section of the Administrative Procedures Act may be unconstitutional does not impugn in any way the validity of the other provisions of the Act. The court also rejects petitioner's assertion that the Commission reversed its original decision on inadequate grounds. The document dated September 10, 1975, was clearly titled a "Proposal for Decision" and was in no way a final order or decision. The final order of the Occupational Safety and Health Review Commission was entered on October 8, 1975, in favor of the respondent. For these reasons, the court is of the opinion that the actions of the Commission were well within its discretion under the law and were based upon the facts adduced at the hearing. "The citation for serious violation of 29 C.F.R. 1926.550(a)(15)(i) issued to respondent is affirmed, and the penalty of $600.00 assessed against respondent is also affirmed. Costs are taxed to the petitioner. The attorney for the respondent shall prepare the decree and provide therein the granting of an appeal."

■ One other contention of appellant remains for consideration. In this Court, but not in the proceedings below, appellant questions proof of the regulation here involved. Appellant contends that the standard used here was not a validly adopted regulation.

T.C.A., § 50–515, permits either the Commissioner of Labor or the Commissioner of Public Health to adopt as an occupational safety or health standard the federal standard relating to the issue under consideration. Both Commissioners adopted the federal regulation, 29 C.F.R. § 1926.-550(a)(15)(i), which provides, in substance, that cranes be operated in such a manner that no part of the crane or load is at any time closer than ten feet to an energized high voltage transmission line.

The complaint filed by the Commissioner of the Tennessee Department of Labor with the Tennessee Occupational Safety and Health Review Commission in this case alleged that appellant violated "29 C.F.R. 1926.550(a)(15)(i) as adopted by regulation pursuant to Section 50–515 Tennessee Code Annotated." That complaint was certified by the Occupational Safety and Health Review Commission to the Chancery Court and the Chancellor has certified to this Court that it is one of the matters considered during judicial review of the agency proceeding.

 Mr. Les D. Lanier, Memphis Area Supervisor of the Tennessee Department of Labor, testified that the standard had been adopted by the State of Tennessee. But aside from this evidence, we hold that this regulation is a proper subject of judicial notice. Rule 44.01, Tennessee Rules of Civil Procedure; 29 Am.Jur.2d 76–7, and cases there cited. It is the general rule that courts may take judicial notice of the rules and regulations of state administrative agencies which have been promulgated by authority of law, have statewide application and are easily ascertainable. *State v. Friedkin*, 244 Ala. 494, 14 So.2d 363 (1943); *Smith v. Highway Board*, 117 Vt. 343, 91 A.2d 805 (1952); *Owen v. Rochester-Penfield Bus Co.*, 304 N.Y. 457, 108 N.E.2d 606, 33 A.L.R.2d 1354 (1952); *State v. Hall*, 39 Ohio App.2d 87, 315 N.E.2d 504 (1973); Cf. *State v. Swiggart*, 118 Tenn. 556, 102 S.W. 75 (1907). This is such a regulation. T.C.A., §§ 4–502, 4–510; Official Rules and Regulations of the State of Tennessee, 0800–1–1–.01(1), (18). Administrative

agencies may likewise take "official notice" of such regulations. T.C.A., § 4–515(d).

We find no error. The decree of the Chancery Court is affirmed. Costs are taxed against the appellant.

COOPER, C. J., FONES and HENRY, JJ., and LEECH, Special J., concur.