**TENNESSEE STATE BOARD OF EDUCATION et al., Petitioners-Defendants,**

v.

**Anthony D. COBB, Respondent-Plaintiff.**

Supreme Court of Tennessee.

Oct. 31, 1977.

Richard Lodge, Robert B. Littleton, Asst. Attys. Gen., Nashville, for petitioners-defendants; R. A. Ashley, Jr., Atty. Gen., Nashville, of counsel.

Walter W. Bussart, Lewisburg, for respondent-plaintiff.

## OPINION

HARBISON, Justice.

In this suit the plaintiff alleged that he had achieved tenure while employed by the State Board of Education as Assistant Superintendent of the Tennessee School for the Blind in Davidson County. He also contended that he had been improperly discharged, relying principally upon alleged violations of regulations issued by the State Board and of the teachers' tenure statutes, T.C.A. §§ 49–1401 et seq. Suit was instituted by the filing of a petition in the Chancery Court with service of a copy thereof upon the members of the Board.

This method of service is authorized by T.C.A. § 49–1417 for judicial review under the general teacher tenure statutes. By section 0520–2–2–.13 of the rules of the Tennessee Department of Education, adopted by the State Board pursuant to T.C.A. § 49–1423, this method of judicial review is expressly made applicable to teachers in institutions under the jurisdiction of the Board.

Counsel for the State throughout the litigation have contended that this method of service is unauthorized and is in conflict with Rule 4 of the Tennessee Rules of Civil Procedure. Apparently no summons ever issued from the Chancery Court for any of the defendants, the suit simply being instituted by the filing of a petition and service of copies by registered mail.

Ordinarily, of course, a summons is necessary for personal service of process under Rule 4. Rule 3 provides that all civil actions are commenced by the filing of a complaint. Under Rule 4.01, upon such filing, the clerk is directed to issue "the required summons" and to cause it, together with copies of the complaint and summons, to be delivered to any person authorized to serve process.

■ Summonses are not "required", however, for the prosecution of all actions. Rule 4 expressly contemplates that there may be other methods of accomplishing service of process, in addition to personal service of a summons. Rule 4.05 authorizes constructive service pursuant to statute, and certain subsections of Rule 4.04 permit service as authorized under particular statutes. See Rule 4.04(5) and (7). Accordingly, we are of the opinion that whenever a special statute dealing with a particular type of judicial action, such as review of a Board of Education under the Teacher Tenure Law, contains specific provisions for process and service, that method, in lieu of the general provisions of Rule 4, is permissible and may be followed. We are particularly persuaded to this view in the present case since the State Board itself, by its regulations, expressly authorized judicial review under the provisions of T.C.A. § 49–1417.

■ We are therefore of the opinion that both the Chancellor and the Court of Appeals were correct in holding that process and service in the present case were sufficient. We do not agree with either of those courts in suggesting that there was a waiver of the issue by the State Board, because the question was carefully preserved by a motion to dismiss, which was overruled, and by later prayer for an interlocutory appeal. Had service not been au-

thorized by the statutes and regulations in the manner above described, we are of the opinion that the question was properly preserved for appellate review and not waived by the subsequent filing of an answer and participation in the trial. From a practical standpoint, a defendant who has properly raised the question of the sufficiency of process and its service has no alternative, after being overruled, except to answer and defend or suffer judgment by default. Since the process and service employed in the present case were proper, however, we find no reversible error in the action of the courts below. The assignments dealing with the sufficiency of process and service are overruled.

This case is before the appellate courts on the technical record only, no bill of exceptions having been filed. After its preliminary motion challenging process was overruled, the State Board filed an answer to the merits, alleging that the position of plaintiff had been abolished. The case was tried on oral testimony. Thereafter the Chancellor filed a memorandum opinion, holding that the plaintiff had not achieved tenure under the State Board regulations and finding, in effect, that the position which the plaintiff held had been abolished by the Board. He found, however, that such abolition did not deprive the plaintiff of a right to notice prior to April 15, 1975 "in accordance with T.C.A. § 49–1306."

The latter statute is a part of the continuing contract law pertaining to public school teachers. It requires notice of nonrenewal of employment by April 15 of each year. The Chancellor held that it reflects a legislative intent to give protection separate and apart from the provisions of the teacher tenure laws contained in Chapter 14 of Title 49. He made no reference to the abolition of position provisions of the latter chapter, T.C.A. § 49–1410.

The continuing contract statute has not been incorporated in its entirety into the rules and regulations adopted by the State Board. Those rules which have been cited to us make reference only to the Teacher Tenure Act, T.C.A. §§ 49–1401 et seq.

There is no reference to Chapter 13 of Title 49 in these regulations, insofar as we have been able to ascertain, nor to the continuing contract law which deals with teachers "in service and under control of the public elementary and high schools of Tennessee. . . . ."

Plaintiff was not such a teacher. He was employed by the State Board of Education in a school under its jurisdiction, and special statutory provisions authorize the State Board to promulgate rules and regulations regarding the employment of such teachers. T.C.A. §§ 49–1423 et seq.

The Court of Appeals affirmed the action of the Chancellor, holding that the plaintiff had rights under the continuing contract law, which had not been complied with, in that he had not been notified of the abolition of his position prior to April 15, 1975. The Court concluded, as did the Chancellor, that while plaintiff had not achieved tenure, he was entitled to such notice and that despite the subsequent abolition of his position, he was entitled to his salary for the ensuing school year. Damages were fixed in the amount of that salary and incidental moving expenses, less the amount earned by the plaintiff in other employment.

The Court of Appeals held that it could not take judicial notice of the rules and regulations of the State Board of Education, which had been cited to it and upon which the Board relies in this case. If the Chancellor considered these regulations, it is not apparent from his opinion, which contains only a single general reference to them on the subject of tenure.

■ It was this issue, primarily, which prompted this Court to grant certiorari, because we are of the opinion that rules and regulations promulgated in this state pursuant to provisions of the Tennessee Administrative Procedures Act, as the subject rules were, are a proper subject of judicial notice. Since the granting of certiorari in the present case, the Court has expressly so held in the case of *Acuff v. Commissioner of Tennessee Department of Labor*, 554 S.W.2d 627, 631 (Tenn.1977).

The rules and regulations pertinent here are §§ 0520–2–2–.09 and .10. The first of these, entitled "Dismissal and Suspension—Grounds" provides, among other things:

"A teacher's or administrative officer's services may be terminated at any time in case his office or position shall be discontinued."

There is no such provision in Chapter 13 of Title 49, dealing with the continuing contract provisions for public school teachers. There is contained in the general Teacher Tenure Act, T.C.A. § 49–1410, a somewhat similar provision, providing that a Board of Education shall be empowered to dismiss even tenured teachers when such action becomes necessary "to reduce the number of teaching positions in the system because of a decrease in enrollment or for other good reasons . . . ." In such cases notice and priority of re-employment are provided. The State Board regulations adopt the definition of "abolition of position" found in T.C.A. § 49–1401(13), but neither the notice nor the rehiring provisions of T.C.A. § 49–1410. *See* Regulations § 0520–2–2.02(10).

Apparently T.C.A. § 49–1410, dealing with abolition of positions, has never been the subject of any reported case in this state. It was not involved in the case of *Snell v. Brothers*, 527 S.W.2d 114 (Tenn. 1975), in which the Court held that where a non-tenured teacher was not given notice under the continuing contract law, he was entitled to additional salary for one year. There was no issue of abolition of the position in that case. While a position had been abolished in *Mitchell v. Garrett*, 510 S.W.2d 894 (Tenn.1974), only the transfer provisions of the tenure statutes were involved.

There is a provision in the State Board regulations, § 0520–2–2–.10, entitling a non-tenured teacher who is not to be retained for an ensuing school year to receive written notice of non-renewal by April 15 of the current school year. Although not identical, this is somewhat similar to the continuing contract provision for public school teachers above referred to. However it immediately follows and, in our opinion, must be read in connection with the regulation dealing with abolition of office, which clearly provides that termination may occur "at any time" when a position is discontinued.[1]

We do not believe that these provisions are necessarily in conflict, but the Chancellor made no reference to them, and the Court of Appeals held that the regulations were not properly before it for consideration.

In this regard we are of the opinion that the Court of Appeals was in error, and that judicial notice should have been taken of the official regulations of the Department. As stated, we do not have a bill of exceptions, and we cannot tell whether or not the regulations were considered by the Chancellor. He cited no specific regulation and relied only upon the general continuing contract statutes, which are not applicable. We have therefore concluded that in fairness to all parties the judgment of the courts below should be set aside, and this case should be and it hereby is remanded to the Chancery Court for a new trial. Costs incident to the appeal will be taxed equally to the parties; all costs in the Chancery Court will abide the results there.

COOPER, C. J., and FONES, HENRY and BROCK, JJ., concur.

---

1. By definition, under the regulations and the statute, "abolition of position" means "A regular bona fide elimination of a position for sufficient, just and nondiscriminatory reasons." T.C.A. § 49–1401(13).