**STATE of Tennessee, Appellee,**

v.

**Cordell McLERRAN, Appellant.**

Supreme Court of Tennessee.

Sept. 2, 1980.

William M. Leech, Jr., Atty. Gen., William O. Kelly, Asst. Atty. Gen., Nashville, William J. Brown, Asst. Dist. Atty., Livingston, for appellee.

J. H. Reneau, III, Reneau & Reneau, Celina, for appellant.

OPINION

FONES, Justice.

This is an appeal from a conviction for hunting gray squirrels during a closed season. Defendant has raised two issues: first, whether the State met its burden of proving all elements of the offense beyond a reasonable doubt, and second, whether the search of the tool carrier on defendant's truck was constitutionally valid.

The facts are not in dispute. On August 19, 1978, a Wildlife Resources officer on patrol in Clay County heard several gun-

shots and proceeded in the direction from which they came. He arrived at a fence and gate and waited for someone to approach. In a few minutes he heard a vehicle approaching from the direction from which he last heard the gunshots. The officer saw defendant and several firearms in the truck. When defendant got out of his truck and opened the gate, the officer walked through the gate and to the truck, where he saw a drop of fresh blood on the door. Defendant told the officer he did not want him on his property. The officer asked to search the truck, and the defendant permitted him to search the cab, where he found four firearms, one of which was a shotgun that had been recently fired. He attempted to search the tool carrier on the back of the truck, but defendant climbed into the truck and started to drive away. The officer threatened to arrest defendant for refusing inspection, and defendant stopped. In the tool carrier the officer found two freshly–killed gray squirrels.

Defendant was charged in a warrant with hunting squirrels in a closed season. In General Sessions Court for Clay County he was found guilty and fined $50. He appealed to the Circuit Court where he was again found guilty and fined $25. In a split decision, the Court of Criminal Appeals affirmed the conviction, and defendant appealed to this Court. We reverse and dismiss.

■ At trial, the only testimony that the hunting season for gray squirrels was closed on the day defendant was arrested was the oral testimony of the officer. Defendant objected to this testimony claiming that the proclamation of open and closed seasons, filed by the Tennessee Wildlife Resources Agency (TWRA) with the secretary of state and each county court clerk pursuant to T.C.A. § 51–409, was the best evidence of a closed season. We agree.

At the time relevant to this proceeding T.C.A. § 51–409 provided in pertinent part:[1]

1. This statute was amended by 1979 Tenn.Pub. Acts, ch. 39 § 1.

"[I]f the state wildlife resources commission shall find that the supply of game and/or fish is sufficient to allow their taking without the danger aforesaid, it shall announce such fact by proclamation, in which it shall state the species of the game and/or fish which may be taken without the danger as aforesaid, and shall likewise ascertain and announce the dates between which such fish and/or game may be taken without the dangers set forth; and upon said announcement by the commission it shall be lawful for any person within the area so designated by the commission to take game or fish of the species mentioned by the commission. All proclamations issued by the commission shall be published at least one time in newspapers whose circulation generally covers the area affected by said proclamation; the publication of said proclamation is required to be at least fifteen (15) days before the terms of each proclamation will become effective. Provided, that during emergency conditions, seasons may be closed, reopened or extended summarily. A copy of all proclamations issued by said commission shall be immediately filed with the secretary of state and the county court clerks for the counties affected."

The proper method of admitting into evidence the substance of the TWRA proclamation of open seasons is to introduce a certified copy of the proclamation from either the secretary of state or the county court clerk. See generally Key v. State, 215 Tenn. 136, 384 S.W.2d 22 (1964). In its brief to this Court, the State concedes that the testimony of the officer was not competent proof of a closed season. The State asserts, however, that the trial judge could take judicial notice of the closed season. We disagree.

■ This proclamation was not promulgated in accordance with the requirements of the Administrative Procedures Act, T.C.A. §§ 4–5–101 et seq., because prior to July 1, 1978, the TWRA was specifically exempted from these requirements. See

1975 Tenn.Pub. Acts, ch. 370, § 2. Because the APA was not followed, the rule of *Tennessee State Bd. of Ed. v. Cobb,* 557 S.W.2d 276 (Tenn.1977), permitting judicial notice of rules and regulations promulgated pursuant to that act, is not applicable.

The State insists that judicial notice is authorized by this Court's decision in *Acuff v. Com'r. of Tennessee Dept. of Labor,* 554 S.W.2d 627 (Tenn.1977). In *Acuff* we stated, "It is the general rule that courts may take judicial notice of the rules and regulations of state administrative agencies which have been promulgated by authority of law, have statewide application and are easily ascertainable." *Id.* at 631. We find the circumstances in the instant case to be factually distinct from those in *Acuff.*

*Acuff* was an appeal pursuant to the Administrative Procedures Act, involving the violation of a safety regulation adopted by the Commissioner of Labor. Judicial notice of this regulation was proper because the regulation was adopted in accordance with the APA, published in the Official Rules and Regulations of the State of Tennessee, and met all of the requirements mentioned above. As we have noted, the proclamation of open and closed seasons was not adopted and published in accordance with the APA. Moreover, the proclamation does not have uniform statewide application. The statute authorizing TWRA to issue this proclamation, T.C.A. § 51–409, contemplates that open seasons and bag limits will vary from area to area within the state.

"Whenever the supply of game and/or fish existing in any area, lake or stream shall become adequate to allow the taking and/or hunting thereof without material danger of extinction of undue depletion of such game or fish, then it shall be lawful for any person to hunt and/or fish in said area, lake or stream within the creel, size, and bag limits, and in the manner and by the means prescribed by the wildlife resources commission.

The fact as to whether or not the supply of game and/or fish is at any time adequate to allow the taking thereof without the danger of extinction or un-

due depletion shall be determined by the state wildlife resources commission, after a complete survey of the area in question."

This proclamation does not comply with the requirements of *Acuff* and is therefore not subject to judicial notice.

The remaining question is whether the State, having submitted no competent evidence that the season for hunting gray squirrels was closed on the day defendant was arrested, has met its burden of proving all material elements of the offense beyond a reasonable doubt. *See Patterson v. New York,* 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977); *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975); *In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). The majority of the Court of Criminal Appeals ruled that in this case, defendant had the burden of producing evidence that the season was open. The court reasoned that since T.C.A. § 51–408 declares a closed season on all hunting and fishing of game and fish protected by law and T.C.A. § 51–409 authorizes the TWRA to declare open seasons, that the former was a general prohibition and the latter an exception thereto. Therefore, defendant claimed to be within an exception to a penal statute, and he must prove himself entitled to claim the exception. The court found defendant had offered no evidence that the season was open and overruled this assignment of error. We disagree.

The arrest warrant charged defendant with "hunting squirrels in a closed season." The statute involved is T.C.A. § 51–405, which provides in part:

"It shall be unlawful for any person to hunt, kill, trap, ensnare, or destroy, or to attempt to hunt, kill, trap, ensnare, or destroy, or to have in his or her possession any form of wildlife except subject to the restrictions and by the means and devices and at the time prescribed by this title."

In a lengthy, well–reasoned dissent Judge Daughtrey analyzes the issue as follows:

"[T]he specific question before us is whether the seasonal provisions of §§ 51–408 and 51–409 are incorporated into

T.C.A. § 51–405 by reference ('except . . . at the time prescribed by this title') so as to become an essential element of the crime of 'hunting in a closed season,' or whether the open season provision in T.C.A. § 51–409 is an affirmative defense.

.     .     .     .     .

An early and perhaps seminal Tennessee case which addressed this issue is *Villines v. State*, 96 Tenn. 141, 33 S.W. 922 (1896), involving an exception to the pharmacy licensing law which exempted physicians supplying drugs directly to patients from the operation of the statute. The *Villines* court first noted the common law rule of pleading that required an averment in the indictment negating any exception embraced within the statute, on the ground that 'no indictment is sufficient if it does not accurately and clearly allege all the ingredients of which the offense is composed.' *Id.* 33 S.W. at 923. But, noted the Court,

> if the language of the section defining the offense is so entirely separable from the exception that the ingredients constituting the offense may be accurately and clearly defined without any reference to the exception, the pleader may safely omit any such reference, as the matter contained in the exception is a matter of defense, and must be shown by the accused. 96 Tenn. at 144, 33 S.W. at 923.

Warning against a simplistic approach to determining whether the exception is or is not 'a matter of defense,' the *Villines* court went on to note:

> [I]f the provision or exception was found in a subsequent and independent section of the same act, then the state discharged its full duty to the accused when it presented an indictment charging the offense, leaving it to the defendant, if he was able, to bring himself within the clause of exemption. The confusion has been in those cases where the clauses creating the offense and providing the exception were found in the same section. In such

cases, it has been found that a considerable number of judges, and possibly commentators, have held the rule to be that a failure to negative the exception when charging the offense was fatal to the indictment. This rule is well and soundly applied in cases where the exception is so intermingled with the offense in the language defining it that the latter cannot be fully stated when the former is omitted; but, as before remarked, when the two are distinctly separable, so that the offense, with all its ingredients, may be stated without reference to the exceptions, the fact that both are found in the same section will not warrant the application of the rule. . . . The difference, therefore, is to be found, not in the place that the proviso occupies in the statute, but rather in its relation to that clause of the statute defining the offense. *Is it so incorporated with the substance of the clause as to constitute a material part of the description of the acts, omission, or other ingredients, which constitute the offense? If so, then the indictment cannot safely omit to negative it.* But if it is not so incorporated, then it is a matter of defense, and must be shown by the other party, though it be in the same section, or even in the succeeding sentence (emphasis added). 96 Tenn. at 144–45, 33 S.W. at 923.

Thus, under *Villines*, as under *Mullaney* and *Patterson*, the threshold question is whether the exceptive provision is a substantive element of the offense, which the State must plead and prove, or whether it is 'a matter of defense [which] must be shown by the other party.' The applicable statute in this case, including its exceptive clause, provides in pertinent part that 'It shall be unlawful for any person to hunt except . . . at the time prescribed by this title.' T.C.A. § 51–405. I read that prohibition to incorporate succeeding statutory provisions specifying timeliness into the main part of the statute so as to make the time of the offense an essential element or material ingredient of the crime, which under

the holding in *Villines* must be pleaded and proven by the prosecution.

One refinement of the *Villines* rule is relevant here. In *Knowling v. State*, 176 Tenn. 56, 138 S.W.2d 416 (1940), the Court held that although the State might be called upon to *plead* a negative averment negating an exceptive element, the State would be relieved of *proving* the negative averment at trial if 'the determinative fact is peculiarly within the knowledge of the defendant.' In *Knowling* the offense charged was the making of a loan without first obtaining a permit. The Court held that the State must plead the failure to obtain a proper permit as an element of the crime, but also held that the State need not prove the defendant's lack of a permit at trial, because it is a matter peculiarly within the knowledge of the defendant."

We hold that timeliness is an essential element of the offense of hunting in a closed season. Moreover, whether the hunting season was closed at the time of the alleged offense is not a fact "peculiarly within the knowledge of the defendant."

Due process requires that the "State must prove every ingredient of an offense beyond a reasonable doubt, and that it may not shift the burden of proof to the defendant by presuming that ingredient upon proof of the other elements of the offense." *Patterson v. New York*, 432 U.S. 197, 215, 97 S.Ct. 2319, 2329, 53 L.Ed.2d 281 (1977). The State has failed to prove that the hunting season for gray squirrels was closed on August 19, 1978, the day of the alleged offense. Accordingly, the conviction must be reversed. Because the evidence is insufficient to support the conviction, further prosecution must be dismissed. *See Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978); *Overturf v. State*, 571 S.W.2d 837 (Tenn.1978).

We pretermit the issue involving the validity of the search of defendant's tool carrier, which issue is rendered moot by the foregoing disposition of the case.

The judgment of the Court of Criminal Appeals affirming the conviction is reversed and the cause dismissed.

BROCK, C.J., and COOPER and HARBISON, JJ., concur.