IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE
May 31, 2012 Session

**STATE OF TENNESSEE v. MICHAEL FARMER ET AL.**
**Appeal by Permission from the Court of Criminal Appeals**
**Criminal Court for Shelby County**
**No. 0806635      John T. Fowlkes, Jr., Judge**

**No. W2009-02281-SC-R11-CD - Filed August 22, 2012**

WILLIAM C. KOCH, JR., J., concurring.

I concur with the Court's conclusions that all gunshot wounds do not necessarily cause bodily injury that involves a "substantial risk of death" for the purpose of Tenn. Code Ann. § 39-11-106(a)(34)(A) (2010). I also agree that the State failed to present sufficient evidence that the particular gunshot wound Mr. Westbrooks received involved a substantial risk of death. Accordingly, I join the Court's decision to vacate Messrs. Farmer's and Turner's convictions for especially aggravated robbery and to remand for resentencing for aggravated robbery. I have chosen to write separately to highlight the important role that expert medical testimony must play in many cases in which the State must establish that the injury to the victim carried with it a substantial risk of death.

Juries play a central role in criminal proceedings. *State v. Hester*, 324 S.W.3d 1, 51 (Tenn. 2010). They alone must assess the credibility of the witnesses, weigh the evidence, and resolve disputed issues of fact. *State v. Leach*, 148 S.W.3d 42, 53 (Tenn. 2004). Because of the increasing complexity of the factual issues being presented to lay juries, expert testimony is now commonplace in both criminal and civil proceedings.[1] Even though expert testimony was at one time received "with great caution," *Fisher v. Travelers' Ins. Co.*, 124 Tenn. 450, 505, 138 S.W. 316, 330 (1911), Tenn. R. Evid. 702 now invites the use of expert testimony whenever "scientific, technical, or other specialized knowledge will substantially assist the trier of fact to understand the evidence or to determine a fact in issue."

We have long recognized the importance of expert medical testimony in civil proceedings. However, even in cases involving medical negligence in which Tenn. Code

---

[1]Popular media has whetted jurors' appetites for expert testimony in criminal proceedings to the point where some courts are now giving curative, "anti-CSI effect" instructions. *See Atkins v. State*, 26 A.3d 979, 991 (Md. 2011) (Harrell, J., concurring).

Ann. § 29-26-115 (Supp. 2011) generally requires expert evidence to prove the standard of care and breaches of the standard of care, we have recognized that expert evidence is not necessary when the violation of the standard of care is so straightforward that a layperson's common knowledge is sufficient to understand that the challenged conduct fell below the standard of care. *See, e.g., Cox v. M.A. Primary & Urgent Care Clinic*, 313 S.W.3d 240, 259 n.23 (Tenn. 2010); *Seavers v. Methodist Med. Ctr. of Oak Ridge*, 9 S.W.3d 86, 92 (Tenn. 1999). These cases are the exception rather than the rule.

If anything, the necessity of presenting expert medical evidence regarding whether a particular injury involves a "substantial risk of death" is more pronounced in a criminal proceeding than it is in analogous civil proceedings. Jurors in criminal cases have no greater expertise with regard to medical matters than jurors in civil cases. In addition, the State must prove every ingredient of the offense beyond a reasonable doubt. *State v. McLerran*, 604 S.W.2d 841, 845 (Tenn. 1980); *see also* Tenn. Code Ann. § 39-11-201(a) (2010). Thus, except for injuries that are either so serious or so trivial that a lay person will understand that they either do or do not involve a substantial risk of death,[2] expert testimony will, in the words of Tenn. R. Evid. 702, "substantially assist the trier of fact to understand the evidence or to determine" whether a particular injury involves a "significant risk of death."

Other jurisdictions with statutory language analogous to Tenn. Code Ann. § 39-11-106(a)(34)(A) have already recognized that expert medical testimony is of significant benefit when determining whether an injury poses a substantial risk of death. For example, the Court of Appeals for the District of Columbia has noted that expert medical evidence is properly admitted to determine whether a particular injury is "a serious bodily injury . . . that involves a substantial risk of death" when the "medical terms used in the medical records and the effects of the wounds on the victims [are] beyond the ken of the average layperson." *Bolanos v. United States*, 938 A.2d 672, 677, 679 n.8 (D.C. 2007). Likewise, the Kentucky Supreme Court has held that "[w]hile medical proof is not necessary," it can certainly be of assistance in establishing the severity of an injury to meet the "fairly strict level of proof" required by Kentucky's statute analogous to Tenn. Code Ann. § 39-11-106(a)(34)(A). *Anderson v. Commonwealth*, 352 S.W.3d 577, 581 (Ky. 2011). The Oregon Court of Appeals has gone so far as to state that expert medical testimony is required in all criminal cases concerning injuries where the "substantial risk of death is not apparent to a lay person." *Lambert v. Palmateer*, 69 P.3d 725, 730 (Or. Ct. App. 2003).

---

[2]Compare a massive gunshot wound to the heart with a bullet superficially grazing a person's elbow.

Undoubtedly, there are circumstances in which a juror's "common-sense understanding"[3] will be sufficient to enable a juror to determine whether a particular injury involves a substantial risk of death for the purpose of Tenn. Code Ann. § 39-11-106(a)(34)(A). However, we should candidly acknowledge that some injuries which appear bloody and gruesome to laypersons may not have a substantial risk of death, while other injuries that are seemingly benign might, in fact, pose a substantial risk of death. Accordingly, in many, if not most, circumstances, evaluating whether a particular injury involves a "substantial risk of death" is "beyond the ken of the average layperson." *Bolanos v. United States*, 938 A.2d at 679 n.8. Because expert medical testimony would very likely substantially assist the trier of fact in such circumstances, the importance of using expert medical testimony to aid in establishing that a bodily injury involves a substantial risk of death cannot be overstated.

In this case, the State sought to carry its burden of proof by presenting Mr. Westbrooks's account of his injury and the medical records regarding the treatment he received. While Mr. Westbrooks testified about his pain, he did not address the extent to which his gunshot wound was life-threatening. The medical records by themselves do not appear to address the seriousness of Mr. Westbrooks's wound. Introducing medical records without some accompanying expert explanation is a "risky and uncertain approach," *Glisson v. Mohon Int'l, Inc./Campbell Ray*, 185 S.W.3d 348, 354 (Tenn. 2006), because the medical records themselves, and the terms used therein, may be "beyond the ken of the average layperson," *Bolanos v. United States*, 938 A.2d at 679 n.8. Based on this record, the State fell far short of proving that Mr. Westbrooks's gunshot wound involved a "substantial risk of death."

_____
WILLIAM C. KOCH, JR., JUSTICE

---

[3]*Seavers v. Methodist Med. Ctr. of Oak Ridge*, 9 S.W.3d at 92.