(124 So. 911)

**STATE v. CURRAN.** (8 Div. 789.)

Court of Appeals of Alabama.   June 25, 1929.

As Modified on Denial of Rehearing, Oct. 8, 1929.

See, also, State v. Curran, 220 Ala. 4, 124 So. 909.

Charlie C. McCall, Atty. Gen., and Merwin T. Koonce, Asst. Atty. Gen., for the State.

276

, Mitchell & Hughston, of Florence, for appellee.

BRICKEN, P. J. Defendant was convicted in the county court of Lauderdale county for violation of the bread law (Agricultural Code 1927, § 254, and regulations made thereunder by state board of agriculture).

The specific charge was that appellee did sell bread in loaves known as Pullman bread, of the weight, to wit, of fourteen ounces per loaf, and that said loaves were less in weight than the standard weight as fixed by law and by the regulations of the state board of agriculture, said regulations carrying the following provision:

"1. Any loaf of bread weighing within 10% of excess or 5% less than standard weight shall be deemed of legal weight, provided however that the average weight of twenty five or more loaves shall not be less than standard weight."

Curran appealed, and in the circuit court a demurrer was sustained to the information, and the court declared the statute unconstitutional, and the state appealed.

Upon an examination of the points of decision involved upon this appeal, we were of the opinion that said section 254 is invalid as violative of the Fourteenth Amendment to the Federal Constitution, but, this court being without authority to so declare and strike the section, we submitted the question to the Supreme Court for determination, as provided by section 7322 of the Code 1923. The certification of the question and the response of the Supreme Court thereto are as follows:

Certification to the Supreme Court.

Under the provisions of section 7322 of the 1923 Code of Alabama, we hereby submit to the. Supreme Court of Alabama for determination, the question of the validity of section 254 of the so-called 1927 Agricultural Code of Alabama. In a proceeding now pending before this court, this statute or regulation which appears in margin, contained in said so-called Agricultural Code, is attacked as being in violation of the Constitution of Alabama and of the Constitution of the United States.

We note from the record that the lower court, by sustaining demurrer to the complaint, held the section in question to be unconstitutional. This court is inclined to the opinion that the lower court correctly so held; but, being without authority to "strike down" a statute, the question, as stated. is certified to the Supreme Court for determination pursuant to the terms of section 7322, Code 1923, supra.

CHARLES R. BRICKEN,<br>Presiding Judge.<br>WILLIAM H. SAMFORD,<br>JAMES RICE,<br>Associate Judges.

"1. Any loaf of bread weighing within ten percentum in excess or five percent less than standard weight shall be deemed of legal weight, provided however that the average weight of twenty-five or more loaves shall not be less than standard weight."

Response to Foregoing Certified Question by the Court of Appeals.

PER CURIAM. In Burns Baking Co. et al. v. Samuel R. McKelvie, Gov., et al., 108 Neb. 674, 189 N. W. 383, 26 A. L. R. 24, the Supreme Court of Nebraska upheld the constitutionality of the Act of 1921 of that state, fixing the minimum and maximum weights of bread, and providing penalties for the violation thereof. A comparison of the act which is set out in the opinion of the court discloses a marked similarity in its provisions to those found in above noted section 254, the subject of this inquiry. The principle point of difference seems to be that in the Nebraska statute the question of "tolerance" is fixed in the act, while under the provision of said section 254 and section 259 of what is known as the Agricultural Code of Alabama "tolerances" are to be fixed by the state board of agriculture. It may be noted, however, that the "tolerance" fixed by the Nebraska act is more liberal to the baker than that established by the rules and regulations of the state board of agriculture of this state.

The decision of the Nebraska Supreme Court in the above-cited case was brought for review by writ of error before the Supreme Court of the United States; the insistence being that the act was violative of the Fourteenth Amendment to the Federal Constitution. The court held this position well taken, reversed the judgment, and declared the act

invalid as violative of said amendment, concluding the opinion in the following language: "For the reasons stated, we conclude that the provision, that the average weights shall not exceed the maximums fixed, is not necessary for the protection of purchasers against imposition and fraud by short weights and is not calculated to effectuate that purpose, and that it subjects bakers and sellers of bread to restrictions which are essentially unreasonable and arbitrary, and is therefore repugnant to the Fourteenth Amendment." Burns Baking Co. v. Bryan, 264 U. S. 504, 44 S. Ct. 412, 68 L. Ed. 813, 32 A. L. R. 661, cited approvingly in the more recent case of Weaver v. Palmer Bros. Co., 270 U. S. 402, 46 S. Ct. 320, 70 L. Ed. 654.

██ So far as the application of the principles and reasoning of that decision is concerned, we can see no substantial grounds of differentiation between the act there considered and that of this state here under review. A federal question is involved, and the above-noted decision in Burns Baking Co. v. Bryan, supra, is conclusive and binding here. Upon that authority, therefore, we hold said section 254 is invalid as violative of the Fourteenth Amendment to the Federal Constitution.

Let this opinion be duly certified to the Court of Appeals.

The foregoing being conclusive of this appeal, no further comment is necessary. The judgment of the lower court is affirmed.

Affirmed.