6 So.2d 436

### WEST et al. v. STATE.

### 8 Div. 168.

Supreme Court of Alabama.

Jan. 22, 1942.

Rehearing Denied March 5, 1942.

Thos. C. Pettus, of Moulton, for petitioners.

Thos. S. Lawson, Atty. Gen., and L. L. Mooneyham, Asst. Atty. Gen., opposed.

GARDNER, Chief Justice.

Section 23, Gen.Acts 1935, p. 632, Code 1940, Tit. 8, § 21, expressly declares that the rules and regulations therein referred to, and mentioned in the opinion of the Court of Appeals, "shall have the force and effect of law". That means very clearly the force and effect of a general law, a public statute.

"Where an act at the time of its passage is declared * * * to be a public statute, such declaration is equivalent to enacting that it be judicially noticed, for though local in its application, such a clause will establish it as a public statute and place it within the circle of the judicial knowledge of the court". 20 Amer.Jur. 60.

The text is supported by the cited authority of Case v. Kelly, 133 U.S. 21, 10 S.Ct. 216, 33 L.Ed. 513. See also 23 C.J. 1897 upon the question of judicial notice and illustrations to be found.

The affidavit, therefore, correctly charged defendant with the violation of law; and the authorities cited from the Court of Appeals (Oliver v. State, 16 Ala. App. 533, 79 So. 313 and Curlee v. State, 16 Ala.App. 62, 75 So. 268), and from this Court of Ferguson v. Starkey, 192 Ala. 471, 68 So. 348, are inapt.

The above noted Section 23 was carried into the Code of 1940 and appears as § 21, Title 8. The Code Committee saw fit to add a provision as to the publication of pamphlets which would include all laws relating to the subject as well as all rules and regulations, and concluded with the statement such pamphlets should be admitted in evidence without further proof. But we cannot interpret this provision as indicating an intention to work a change in the law of judicial notice as above discussed, and consider it as only a matter of public convenience.

We are in accord with the conclusion of the Court of Appeals and the writ will accordingly be denied.

Writ denied.

BOULDIN, FOSTER, and LIVINGSTON, JJ., concur.