374 So.2d 921 (1979)
In re Charles Foster COMMANDER
v.
STATE of Alabama.
Ex parte State of Alabama ex rel. Attorney General.
77-773.
Supreme Court of Alabama.
September 7, 1979.
William J. Baxley, Atty. Gen., and James F. Hampton, Asst. Atty. Gen., for the State, petitioner.
Jerry E. Stokes, Andalusia, for respondent.
ALMON, Justice.
WRIT QUASHED AS IMPROVIDENTLY GRANTED.
BLOODWORTH, FAULKNER, JONES, SHORES, EMBRY and BEATTY, JJ., concur.
MADDOX, J., dissents, with whom TORBERT, C. J., concurs.
MADDOX, Justice (dissenting).
I respectfully dissent on basically the same grounds I listed in my dissent in Elmore v. State, 348 So.2d 269 (Ala.1977), which are:
(1) Code 1975, § 22-2-2(6) states that the rules and regulations adopted by the State Board of Health have the force and effect of law;
(2) The State Board of Health, as early as 1970, adopted rules and regulations relating to the Alabama Chemical Test for Intoxication Act;
(3) Dr. McCahan was qualified to analyze the blood specimen;
(4) Dr. McCahan used a method (gas chromatograph headspace test) authorized by rules and regulations of the State Board of Health;
(5) Alabama courts take judicial notice of administrative rules and regulations when they are declared by statute to have the force and effect of law; therefore, the rules and regulations of the State Board of Health did not have to be introduced into evidence.
As I stated in my dissent in Elmore v. State, supra, the State Board of Health, on March 18, 1970, promulgated and approved detailed rules and regulations relating to the Alabama Chemical Test for Intoxication Act. These rules and regulations were amended and reissued on October 23, 1974, and February 18, 1976; and on July 21, 1976, and January 18, 1978, the State Board of Health amended the rules and regulations relating to the administration of the so-called P.E.I. test. The pertinent sections of the rules and regulations applicable to the particular case here under consideration are, as follows:
"II. QUALIFICATIONS
A. Applicants for a permit to perform chemical analysis of a person's blood and/or urine pursuant to the Alabama Chemical Tests for Intoxication Act shall meet the following requirements:
1. be a citizen of the United States.
2. be a resident of the State of Alabama.
3. be of good moral character.
4. have performed and demonstrated the ability to perform routine blood and/or urine alcohol analyses during a normal course of business by using the recognized procedure of Kozelka-Hines or its equivalent.
5. be either:
a. a pathologist duly licensed to practice pathology in the State of Alabama.
b. be certified by the American Society of Clinical Pathologists as a certified medical technologist.
c. a licensed registered nurse or clinical laboratory technician with a minimum of 2 years medical laboratory experience and be under the direct supervision of a duly licensed pathologist.

*922 d. the holder of a bachelor's degree in chemistry with a minimum of 2 years of laboratory experience in analytical chemistry.
e. a state toxicologist and/or his designated assistant employed as members of the State Department of Toxicology and Criminal Investigation.

* * * * * *
"I. METHODS
* * * * * *
B. Blood, Urine and Perchlorate Tube
1. The analyses of a specimen of blood, urine or preserved breath sample in a perchlorate tube for the purpose of determining the alcohol content will be performed utilizing the recognized procedure or modified procedure of Kozelka-Hines and the gas chromatograph method utilizing internal standardization for direct or headspace injection."
The record affirmatively shows that Dr. McCahan, as a State toxicologist, was qualified. In fact, Dr. McCahan testified that he had been issued a permit to perform blood tests by the State Board of Health. Dr. McCahan also testified that he used the gas chromatograph headspace test method.
In view of the fact that the State Board of Health has the authority and jurisdiction to adopt rules and regulations which have the force and effect of law [Code 1975, § 22-2-2(6)], and in view of the well-settled rule that courts in Alabama take judicial notice of administrative rules and regulations when those rules and regulations are declared by statute to have the force and effect of law,[1] I believe Dr. McCahan's testimony regarding the amount of alcohol found in the blood specimen was admissible.
TORBERT, C. J., concurs.
NOTES
[1] Hardin v. State, 241 Ala. 4, 3 So.2d 89 (1941), (judicial notice taken of the rules and regulations promulgated under statutory authority by the Alcoholic Beverage Control Board); State v. Friedkin, 244 Ala. 494, 14 So.2d 363 (1943) (the Alabama Board of Medical Examiners, i. e. the State Board of Healththe same agency involved here); West v. State, 242 Ala. 369, 6 So.2d 436 (1942) (the Alabama State Department of Conservation); Department of Industrial Relations v. Headon, 42 Ala.App. 132, 155 So.2d 123 (1962) (judicial notice taken of the regulations of the Director of the Department of Industrial Relations); Lovett v. State, 30 Ala.App. 334, 6 So.2d 437 (1942), cert. denied, 242 Ala. 356, 6 So.2d 441 (judicial notice of rules and regulations of Alcoholic Beverage Control Board); McElroy, The Law of Evidence in Alabama, Vol. 3, §§ 480.01-484.02 (2d Ed.); 29 Am.Jur.2d § 42, pp. 76-77.