We granted certiorari in this case to review a single question: Can a court take judicial notice of the rules and regulations promulgated by the State Board of Health relating to the administration of a chemical test for intoxication?
In the Court of Criminal Appeals, the petitioner maintained that the proper predicate for the introduction of the blood-alcohol test results had not been laid. The Court of Criminal Appeals agreed with the petitioner's argument that the rules introduced into evidence as City's Exhibit 3 were not properly certified, and were, therefore, inadmissible on this ground, but the court, nevertheless, held that the copy of the rules and regulations that was admitted into evidence, although not properly certified, was nevertheless admissible, because the trial judge could have taken judicial notice of its contents. 533 So.2d 652. We affirm. *Page 659 
This court has dealt on several occasions with the question of the admissibility of the results of chemical tests for intoxication, and the latest summary of the requirements for the admissibility of the results of chemical tests for intoxication are set out in this Court's case of Ex parte Bush,474 So.2d 168 (Ala. 1985):
 "A proper predicate must be laid for the admissibility of such evidence, however. This predicate may be established by showing, first, that the law enforcement agency has adopted the particular form of testing that was in fact used. Second, there must be a showing that the test was performed according to methods approved by the State Board of Health. This may be proved by the introduction of the rules and regulations the officer followed while administering the test and the officer's testimony that he did, in fact, follow those rules when he administered the test in question. Third, there must be a showing that the person administering the test has a valid permit issued by the State Board of Health for that purpose."
Id. at 170. (Citations omitted.)
The Court of Criminal Appeals, following the rule of law laid down in Bush, held that the rules and regulations of the State Board of Health that were admitted into evidence as City's Exhibit 3 were admissible in this case. In reaching this conclusion, the Court discussed the rule of law set out inPatton v. City of Decatur, 337 So.2d 321 (Ala. 1976); Weaver v.City of Birmingham, 340 So.2d 99 (Ala.Crim.App. 1976),overruled on other grounds, Estes v. State, 358 So.2d 1050
(Ala.Crim.App. 1977), cert. den., 358 So.2d 1057 (Ala. 1978); and Elmore v. State, 348 So.2d 265 (Ala.Crim.App. 1976), rev'd in part, 348 So.2d 269 (Ala. 1977), but distinguished those cases, as follows:
 "Although City's Exhibit 3 in the present case did not comply with the requirements for a 'certificate' and thus cannot be considered a duly authenticated copy of the Board of Health regulations, its admission did not constitute reversible error. While the convictions in Patton, Weaver, and Elmore were all reversed for the prosecution's failure to satisfy the second prong of the predicate for admitting the results of intoximeter tests, those cases are distinguishable from the present one.
"* * *
 "Thus, even if a majority of the court had agreed, in Elmore, with Justices Maddox and Beatty, or in Commander [v. State, 374 So.2d 910], with Justice Maddox and Chief Justice Torbert, dissenting, who maintained that the court could take judicial notice of the Board of Health regulations (thereby establishing the first part of the prong), there still would have been a failure of proof on the second part of the prong.
 "In contrast, here Officer Summers testified that he followed a checklist whose methods of operation conformed to Board of Health standards.
"* * *
 "Because the second part of the second prong of the Bush predicate was clearly established in the instant case (as opposed to the situation in Patton, Weaver, Elmore, and Commander), we believe that the dissenting opinions expressed in Elmore
and Commander now have merit so that a court may take judicial notice of the Board of Health regulations as proof of the first part of the second prong.
"* * *
 "As Justice Maddox observed in his dissenting opinion in both Elmore and Commander, 'It is well settled that courts in Alabama take judicial notice of administrative rules and regulations when the rules and regulations are declared by statute to have the force and effect of law.' . . . Section 22-2-2(6), Code of Alabama 1975, states that the rules and regulations adopted by the State Board of Health have the force and effect of law, and this court has, in fact, taken judicial notice of Board of Health regulations in other cases.
"* * *
 "We therefore hold that Officer Summers's testimony that he followed the procedure outlined by the Board of *Page 660 
Health in conducting the Intoxilyzer test, together with our judicial notice of the pertinent Board of Health regulations, established the second prong of the Bush predicate notwithstanding the failure to authenticate the Board of Health regulations by a proper certification."
Vizzina v. City of Birmingham, 533 So.2d at 656-57. (Citations omitted.)
The holding of the Court of Criminal Appeals is consistent with the principles of law set out in this Court's case ofState v. Friedkin, 244 Ala. 494, 497, 14 So.2d 363, 365 (1943), which involved the question of whether a court could take judicial notice of the rules and regulations of the State Board of Health.
In Friedkin, this Court opined:
 "The power and duty of a court to take judicial notice of the rules and regulations of an administrative board [have] been considered in several of our cases. We have declared that our courts will not take judicial notice of the regulations of an administrative board, unless they are of such wide application and established duration as to have become a part of the common knowledge of well informed persons.
 "It was held in West v. State, 242 Ala. 369, 6 So.2d 436, that when the act of the legislature expressly declares that the rules and regulations therein referred to shall have the force and effect of law, its status is as a public statute in this respect.
"* * * *
 "The Act of the Legislature having reference to chiropody does not declare that the rules and regulations which it authorizes shall have the force and effect of law. But the generally accepted theory is that rules, regulations and general orders of administrative authorities pursuant to the powers delegated to them have the force and effect of laws, when they are of state-wide or national application, and so set up as that information of their nature and effect is readily available, or has become a part of common knowledge."
State v. Friedkin, 244 Ala. 494, 497, 14 So.2d 363, 365 (1943).
The holding of the Court of Criminal Appeals is also consistent with the principle of law that courts in Alabama may take judicial notice of administrative rules and regulations when the rules and regulations are declared by statute to have the force and effect of law. The rules of the State Board of Health relating to chemical tests for intoxication were adopted as authorized by the provisions of the Alabama Administrative Procedure Act, Ala. Code, § 41-22-1 et seq., effective October 1, 1982, and are a part of the Alabama Administrative Code. See Chapter 420-1-1, et seq.
The Court of Criminal Appeals held that courts in Alabama could take judicial notice of the rules and regulations promulgated by the State Board of Health, citing State v.Zaragoza, 21 Ariz. App. 596, 522 P.2d 552 (1974); State v.Berch, 222 N.W.2d 741 (Iowa 1974); State v. Crowell,560 S.W.2d 889 (Mo.App. 1978); City of Cincinnati v. Duhart,41 Ohio App.2d 127, 322 N.E.2d 897 (1974); City of Olympia v.Sprout, 5 Wn. App. 897, 492 P.2d 586 (1971); and, Annot., 96 A.L.R.3d 745 (1979).
In view of the fact that the rules and regulations issued by the State Board of Health were a part of the Alabama Administrative Code, the Court of Criminal Appeals correctly held that the trial court could take judicial notice of them.
The Alabama Administrative Procedure Act provides that no agency rule, order, or decision shall be valid or effective against any person or party until it has been made available for public inspection and indexed as required by the Act. See § 41-22-4(b). It affirmatively appears that the rules introduced into evidence in this case were a part of the Alabama Administrative Code. They were, therefore, admissible.[1] *Page 661 
Because of the foregoing, we affirm the holding of the Court of Criminal Appeals that courts may take judicial notice of the rules and regulations promulgated by the State Board of Health that govern the administration of chemical tests for intoxication.
AFFIRMED.
TORBERT, C.J., and ALMON, SHORES, BEATTY, ADAMS, HOUSTON and STEAGALL, JJ., concur.
[1] Even though a court can take judicial notice of the rules contained in the Alabama Administrative Code, it might still be desirable to have a copy of those rules introduced into evidence to assist the factfinder and the court in determining whether the proper procedures were followed. We should not be understood as holding that duly promulgated rules having the force and effect of law may not also be introduced as otherwise provided by law, such as by having them properly certified.