PER CURIAM.
In this appeal, transferred to this court by the Alabama Supreme Court pursuant to Ala.Code 1975, § 12-2-7(6), Ross O’Neal Petty (“the inmate”), an incarcerated inmate in the Alabama correctional system, seeks review of a judgment of the Montgomery Circuit Court dismissing his action against the current commissioner of the Alabama Department of Corrections (“DOC”), Richard Allen (“the commissioner”). The inmate alleged in his complaint, which was filed on May 8, 2009, that the commissioner had “exceeded [his] legislative authority by withholding over 25% of the [inmate’s] wages while he was participating in [a] work release program from March of 1995 through August of 1996 and [f]rom March of 2002 through January of 2008,” a practice that, the inmate said, violated subsection (4) of Act No. 307, Ala. Acts 1971; the inmate alleged that that act had been “recompiled” by Section 5 of Act No. 637, Ala. Acts 1976, which is now codified as Ala.Code 1975, § 14-8-37.[1] The inmate sought, in pertinent part, a judgment declaring that the commissioner had violated the law, a ruling that the claimed excess withholdings be returned to the inmate, and an injunction against future "violations of § 14-8-37. The inmate attached to his complaint, among other things, an affidavit testifying to the allegedly improper wage withholdings, which he said occurred on two occasions spanning approximately eight years of his imprisonment, when he was at the “Hamilton work release camp.”[2] However, on May 21, 2009, well before the commissioner was due to respond to the complaint, the trial court dismissed the inmate’s action, opining that the inmate’s action was in the nature of a petition for a writ of certiorari and that the petition was required to be “verified” (see § 6-6-640, Ala.Code 1975). The inmate appealed following the denial of his motion filed pursuant to Rule 59, Ala. R. Civ. P.
On appeal, the inmate contends that his affidavit sufficed as a “verification” of his complaint and that, therefore, the trial court erred in its reasoning; he further contends that the trial court should not have dismissed the action because, he says, the complaint stated a valid claim for a declaratory judgment in setting forth a justiciable controversy as to which he had standing to sue. The commissioner has not attempted to defend the trial court’s rationale for dismissal, but instead invokes the principle that an appellate court will affirm a trial court’s judgment on any valid legal ground, citing Gartman v. Hill, 874 So.2d 555, 558 (Ala.Civ.App.2003). The commissioner argues that the inmate was not entitled to relief in any event because the principal statute upon which he relied, § 14-8-37, did not apply to him. We note that the inmate has not filed a reply brief addressing the commissioner’s arguments.
*1184 The commissioner’s argument has considerable facial appeal. Chapter 8 of Title 14 of the Alabama Code, which pertains to temporary-release programs, is divided into three articles. The statute upon which the inmate relies for his invocation of the 25% withholding cap, which is currently codified at Ala.Code 1975, § 14-8-37, is a part of Article 2 of that chapter, which pertains only to a “work release program for county inmates and state inmates in custody of ... count[ies].” Ala. Code 1975, § 14-8-31(a) (emphasis added); see also Ala.Code 1975, § 14-8-30(1) and (2) (defining “county inmate” as a “person convicted of a crime and sentenced to a term of confinement of one year’s duration or less” and a “state inmate” as a “person convicted of a crime and sentenced to a term of confinement of more than one year’s duration”).
However, the Hamilton facility at which the inmate was assigned (according to his affidavit) is not a county facility; rather, it is operated by DOC, an arm of the state. See DOC Admin. Reg. No. 219, § V.B.2.Í. (listing state correctional facilities, including Hamilton);[3] see also Ward v. State, 929 So.2d 1048, 1049 (Ala.Crim.App.2005) (reviewing disciplinary sanctions imposed against work-release inmate stemming from report that “was received at the Hamilton Work Release Center[ ] advising [DOC] that [that inmate] had been fired from his job”). Thus, Article 2 (and, therefore, the 25% withholding cap in § 14-8-37) did not apply to the inmate.
In contrast with Article 2, Article 1 of Chapter 8 of Title 14, which defines inmates subject to its provisions as “person[s] either male or femalef ] convicted of a felony and sentenced to a term of confinement and treatment in a state correctional institution under the jurisdiction of [DOC] ” (Aa.Code 1975, § 14-8-1(4)), clearly did apply to the inmate. See also Givens v. Alabama Dep’t of Corr., 381 F.3d 1064, 1069 (11th Cir.2004) (“So far as inmates of the state are concerned, §§ 14-8-1 to 14-8-10 of the Aabama Code are the only statutory provisions that bear on work release.”). That article provides, in pertinent part, that “[t]he employer of [a state] inmate involved in work release shall pay the inmate’s wages directly to” DOC; that DOC “may adopt regulations concerning the disbursement of any earnings of the inmates involved in work release”; that DOC may itself “withhold from an inmate’s earnings the cost incident to the inmate’s confinement as [DOC] shall deem appropriate and reasonable,” but also that “[i]n no event shall the withheld earnings exceed W percent of the earnings of the inmate”; and that “[a]fter all expenses have been deducted by [DOC], the remainder of the inmate’s earnings shall be credited to his or her account with [DOC].” Aa.Code 1975, § 14-8-6 (emphases added). That portion of Article T reflects a 1992 amendment to increase the permissible DOC withholding level from 25% to 40%. See Act No. 92-688, Aa. Acts 1992, § 1.
That said, however, we are mindful that we are reviewing a judgment of dismissal. The applicable standard of review thus militates strongly in favor of reversal:
*1185 “On review of a judgment of dismissal [for failure to state a claim], the judgment is not entitled to a presumption of correctness. The appropriate standard of review is whether the plaintiff could prove any set of circumstances that would entitle the plaintiff to relief. In reviewing a dismissal, [an appellate court] does not consider whether the plaintiff will ultimately prevail, but only whether the plaintiff may possibly prevail. A dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief.”
Green v. Nemish, 652 So.2d 243, 244 (Ala.1994) (citations omitted).
In this case, the inmate’s affidavit attached to his complaint states that, from March 1995 through August 1996, DOC “took 32.5% of [his] earnings” and from March 2002 through January 2008 “took 40% of [his] earnings”; he also avers that, after those withholdings were made, DOC “would take out 25% more for fines and restitution.” The main opinion in Alabama Department of Corrections v. Merritt, [Ms. 2081084, June 18, 2010], rejected the propositions that § 14-8-6 allows charging a work-release inmate transportation costs or other employment-related charges once 40% of an inmate’s work-release earnings have been withheld and that the 40% figure contained in the statute refers to an inmate’s net earnings rather than an inmate’s gross earnings. Viewed in a light most favorable to the inmate in this case, the allegations of the inmate’s complaint and attached affidavit, in light of Merritt, would support a judgment declaring that the commissioner exceeded his legislative authority by withholding an excessive amount of the inmate’s wages while he was participating in work-release programs in 1995-1996 and 2002-2008. We stress, however, that our review is limited to the allegations of the inmate’s complaint, which do not clearly exclude the possibility that the commissioner withheld greater than 40% of the inmate’s gross work-release earnings, and it remains to be decided on remand whether the facts will actually support a grant of relief.
Based upon the foregoing facts and authorities, we reverse the judgment of the trial court and remand the cause for further proceedings.
REVERSED AND REMANDED.
BRYAN, THOMAS, and MOORE, JJ., concur specially.
THOMPSON, P.J., and PITTMAN, J., dissent, with writings.

. In actuality, the 1971 and 1976 acts pertain to different categories of inmates and, as we discuss below, have been codified in different articles of the current Alabama Code.

. Such an affidavit becomes part of the pleading to which it is attached "for all purposes.” Rule 10(c), Ala. R. Civ. P.

. Although the Alabama Administrative Code does not contain DOC regulations, the pertinent regulation could be found at http://www. doc.state.dl.us/docs/'AdminRegs/AR219.pdf on the date this opinion was released, and we take judicial notice of it because (a) it is of statewide application, and (b) it is readily available to the public. See Ex parte Vizzina, 533 So.2d 658, 660 (Ala.1988); accord State v. Friedkin, 244 Ala. 494, 497, 14 So.2d 363, 365 (1943). A copy of DOC Admin. Reg. No. 219, printed from the Web site listed above, is available in the case file of the Clerk of the Alabama Court of Civil Appeals.